IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-511-MOC-DCK

| | |
|---|---|
| RHAE JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| THE SUNSHINE HOUSE, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Discovery Disclosure Motion To Compel" (Document No. 11), "Motion To Quash" (Document No. 13), "Discovery Disclosure Motion To Compel" (Document No. 14), and "Motion To Quash" (Document No. 16). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, and in the interest of judicial economy, the undersigned will deny Document Nos. 11, 13, and 16.

In her "Discovery Disclosure Motion To Compel" (Document No. 11) filed March 5, 2012, Plaintiff seeks a Court order compelling Defendant to respond to certain discovery requests. "Defendant's Opposition To Plaintiff's Motion To Compel" (Document No. 12) was filed on March 6, 2012 and provides that Defendant timely served responses to Plaintiff's discovery requests on March 5, 2012. Defendant contends that Plaintiff's motion should therefore be denied as moot. Plaintiff has failed to file a reply brief in support of her "Discovery Disclosure Motion To Compel" (Document No. 11), and the time to do so has lapsed. Based on the foregoing, and the parties' arguments, the undersigned finds that Plaintiff's "Discovery Disclosure Motion To Compel" (Document No. 11) should be denied as moot.

Plaintiff's "Motion To Quash" (Document No. 13) filed March 9, 2012, apparently seeks to quash any subpoenas or depositions proposed by Defendant. Plaintiff's motion, however, does not attach or identify any subpoena or notice of deposition to be quashed. (Document No. 13). "Defendant's Response To Plaintiff's Motion To Quash" (Document No. 15) plainly states that Defendant has not served a notice of deposition (or subpoena), and contends the motion should be denied as premature. "Defendant's Response..." includes a letter to Plaintiff dated March 1, 2012, in which Defendant's counsel seeks to find convenient dates for Plaintiff's deposition and describes his willingness to accommodate her schedule. (Document No. 15-1). The undersigned does not find that Defendant's counsel's letter can be properly construed as a subpoena or notice of deposition. Id. Based on the foregoing, the undersigned agrees that the instant motion is premature and should be denied.

Plaintiff's second "Discovery Disclosure Motion To Compel" (Document No. 14) was filed on March 9, 2012. This motion appears to challenge the adequacy of Defendant's responses to discovery requests. Defendant's response to the second "Discovery Disclosure Motion To Compel" (Document No. 14) is currently due on or before **March 26, 2012**, and undersigned will decline to express any opinion at this time on this motion.

Finally, Plaintiff filed a second "Motion To Quash"(Document No. 16) on March 16, 2012. This motion to quash also seems to object to a deposition that has not yet been noticed. As such, this pending motion to quash also appears to be premature and will be denied. Plaintiff is respectfully advised to confer with Defendant's counsel and attempt to schedule any depositions in this matter at mutually convenient times, and if possible, without Court intervention.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Discovery Disclosure Motion To Compel" (Document No. 11) be **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion To Quash" (Document No. 13) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion To Quash" (Document No. 16) be **DENIED**.

**SO ORDERED**.

Signed: March 19, 2012

David C. Keesler
United States Magistrate Judge