# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-511-MOC-DCK

| | |
|---|---|
| RHAE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE SUNSHINE HOUSE, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Discovery Disclosure Motion To Compel" (Document No. 14). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

## BACKGROUND

Plaintiff previously filed a "Discovery Disclosure Motion To Compel" (Document No. 11) on March 5, 2012, in which she sought a Court order compelling Defendant to respond to certain discovery requests. Plaintiff also recently filed a "Motion To Quash" (Document No. 13) filed March 9, 2012, apparently seeking to quash any subpoenas or depositions purportedly proposed by Defendant. Plaintiff's motion, however, did not attach or identify any subpoena or notice of deposition to be quashed. (Document No. 13). Plaintiff then filed a second "Motion To Quash" (Document No. 16) on March 16, 2012. Plaintiff's second motion to quash also did not attach or identify any subpoena or notice of deposition to be quashed. (Document No. 16). On March 20, 2012, the undersigned issued an "Order" (Document No. 17) denying the foregoing motions (Document Nos. 11, 13, and 16) as moot and premature, and declining at that time to rule on the

instant motion to compel (Document No. 14).

Turning now to that matter, Plaintiff's second "Discovery Disclosure Motion To Compel" (Document No. 14) was filed on March 9, 2012. "Defendant's Opposition To Plaintiff's Motion To Compel (Document No. 18) was filed March 26, 2012; and "Plaintiff's Opposition To Defendant Objections To Motion To Compel" (Document No. 20) was filed April 6, 2012. As such, the pending motion to compel is now ripe for review.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

Plaintiff's motion, liberally construed, contends that Defendant has failed to fully and adequately disclose, answer, and/or respond to her discovery requests. (Document No. 14). Plaintiff, however, acknowledges that on March 8, 2012, she received a fifteen (15) page response, "Defendant's Response To Plaintiff's First Written Discovery" (Document No. 14-1), which she attached to her motion. (Document No. 14). Within that document, Plaintiff now identifies numerous responses which she contends are non-responsive or inadequate. Id.

"Defendant's Opposition To Plaintiff's Motion To Compel" (Document No. 18) also attaches a copy of its responses to Plaintiff's discovery requests, along with copies of the approximately 174 pages of documents it contends it served with its responses on March 5, 2012. (Document No. 18, pp.1-2; Document Nos. 18-1 - 18-4). In short, Defendant asserts that it has responded to Plaintiff's discovery requests to the best of its knowledge and as required by law.

The undersigned has carefully reviewed "Defendant's Responses To Plaintiff's First Written Discovery" (Document Nos. 14-1, 18-1) and finds that the responses appear adequate and reasonable. Contrary to Plaintiff's assertions, the undersigned is not persuaded that the responses are either unresponsive or evasive. Moreover, the arguments, explanations, and cited authority in Defendant's opposition to the instant motion provide compelling support for the adequacy of its discovery responses. (Document No. 18).

For example, regarding Defendant's responses to Plaintiff's request for certain admissions regarding proceedings before the North Carolina Unemployment Security Commission (now Division of Employment Security), Defendant has cited to N.C.Gen.Stat. § 96-4(x)(5) and this Court's decision in Hartsell v. Duplex Prod., Inc., 3:93CV414-GCM, 895 F.Supp. 100, 103 (W.D.N.C. 1995). (Document No. 18, p.3; see also, Document No. 14-1, p.4). Both authorities

3

support Defendant's conclusion that the information Plaintiff seeks is privileged. Id. To date, Plaintiff has failed to articulate an argument or cite to relevant legal authority refuting Defendant's position. (Document Nos. 14 & 20).

## CONCLUSION

Based on the foregoing, as well as additional arguments and authority set forth in Defendant's brief (Document No. 18), the undersigned finds that Plaintiff's "Discovery Disclosure Motion To Compel" (Document No. 14) must be denied. Defendant has suggested that the Court consider granting an award of "reasonable attorneys' fees and costs associated with contesting Plaintiff's Motion." (Document No. 18, pp.8-9). The undersigned will decline to require payment of costs or fees at this time, but respectfully advises Plaintiff that the Court is authorized to allow such an award in appropriate cases pursuant to Fed.R.Civ.P. 37(a)(5)(B).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Discovery Disclosure Motion To Compel" (Document No. 14) be **DENIED**.

Signed: May 8, 2012

David C. Keesler
United States Magistrate Judge