IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-511-MOC-DCK

| | |
|---|---|
| RHAE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE SUNSHINE HOUSE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion To Quash" (Document No. 25). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

Plaintiff's motion seeks to quash a proposed deposition scheduled for June 25, 2012 and to stay further proceedings in this matter. (Document No. 25). In support of her motion, Plaintiff appears to assert that the deposition, and further proceedings, should be delayed until the presiding district judge's "Review [of] Magistrate order denying motion to compel." Id. However, no objection to the "Order" (Document No. 21) denying Plaintiff's "Discovery Disclosure Motion To Compel" (Document No. 14) has been filed. As such, there is no pending review of the undersigned's previous Order denying Plaintiff's motion to compel.

Careful review of the record does show that Plaintiff submitted a "Motion for District Judge Review of Magistrate's Order Denying Motion To Compel" (Document No. 23-4), which she attached as an exhibit to her addendum to her "Motion For Summary Judgment" (Document No. 22). In fact, the document itself, as well as a notation by the Clerk's office on June 6, 2012,

indicates that Plaintiff specifically instructed that her "Motion for District Judge Review of Magistrate's Order Denying Motion To Compel" should be attached to exhibits supporting her addendum. (Document No. 23-4, p.6). As such, this document was never treated or recorded as an independent "motion" by the Court.

Even if Plaintiff's "Motion for District Judge Review of Magistrate's Order Denying Motion To Compel" had been properly filed, the undersigned is not persuaded that all further proceedings, including Plaintiff's deposition, should be stayed pending the district judge's ruling. The undersigned observes that discovery in this matter is scheduled to be completed by June 30, 2012, and finds no reason Defendant should not be allowed to depose Plaintiff. A party's failure to appear for its deposition, after proper notice, may result in sanctions including dismissal of the lawsuit. Fed.R.Civ.P. 37(d)(1)(A).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Quash" (Document No. 25) is **DENIED**.

Signed: June 21, 2012

David C. Keesler
United States Magistrate Judge