# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:11cv511

| | |
|---|---|
| RHAE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| THE SUNSHINE HOUSE, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on review of pro se plaintiff's Motion for Summary Judgment (#22) and plaintiff's Motion for District Court Review of Magistrate's Order Denying Motion to Quash (#28).

**I.  Summary Judgment**

As to the Motion for Summary Judgment, plaintiff has failed to satisfy her initial burden under Rule 56, Federal Rules of Civil Procedure, which provides in relevant part, as follows:

> [a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a).  The rule goes on to provide procedures for plaintiff to use in supporting her motion:

> **(c) Procedures.**
> (**1**) **Supporting Factual Positions.**  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;

> or
>
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> * * *

Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). Here, plaintiff has supported her Motion for Summary Judgment with no evidentiary materials. Thus, the motion will be denied.

## II.     Objections to a Non-Dispositive Order of a Magistrate Judge

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y.2002).

The court has carefully reviewed the Order (#27) as well as the objection, and has determined that the Order of the magistrate judge is fully consistent with and supported by current law. Based on such determination, the court will overrule the objection and fully affirm the Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (#22) is **DENIED** and the Objection (#28) is **OVERRULED,** and the Order (#27) is **AFFIRMED.**

Signed: June 29, 2012

Max O. Cogburn Jr.
United States District Judge