# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-511-MOC-DCK

| | |
|---|---|
| RHAE JOHNSON, | ) |
|        Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| THE SUNSHINE HOUSE, | ) |
|        Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss As Sanction For Failure To Appear For Deposition" (Document No. 31). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

*Pro se* Plaintiff Rhae Johnson ("Plaintiff") filed her "Complaint" (Document No. 1) initiating this action on October 14, 2011. The Complaint asserts claims including employment discrimination and retaliation against Defendant The Sunshine House ("Defendant"). (Document No. 1). Specifically, Plaintiff contends that she has been discriminated against based on her race, color, age, and national origin. Id.

Defendant filed its "Answer And Defenses" (Document No. 6) on November 10, 2011. On December 12, 2011, the parties filed their "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 9), which included the parties' proposal that each side be allowed to conduct up to six (6) depositions. The "Pretrial Order And Case Management Plan" (Document No. 10) was entered on December 15, 2011, and approved the parties' deposition

request.

On June 20, 2012, Plaintiff filed a "Motion To Quash" (Document No. 25) seeking an Order from the Court quashing Defendant's deposition of Plaintiff on June 25, 2012. That motion acknowledges that Defendant had provided notice of the proposed deposition by June 4, 2012. (Document No. 25). On June 21, 2012, the undersigned issued an "Order" (Document No. 27) denying Plaintiff's "Motion To Quash" (Document No. 25) and noting that the discovery was due to be completed by June 30, 2012, and that there was no reason Defendant should not be allowed to depose Plaintiff as scheduled. Plaintiff was further advised that her failure to appear at her deposition might lead to sanctions, including dismissal of the lawsuit. (Document No. 27).

On June 25, 2012, Plaintiff filed a "Motion for District Judge Review of Magistrate's Order Denying Motion To Quash" (Document No. 28). The Honorable Max O. Cogburn, Jr. issued an "Order" (Document No. 30) on June 29, 2012, finding that the undersigned's "Order" (Document No. 27) denying the "Motion To Quash" (Document No. 25) was "fully consistent with and supported by current law" and was therefore "Affirmed."

Also on June 29, 2012, Defendant filed its now pending "Motion To Dismiss As Sanction..." (Document No. 31). Plaintiff's "...Response..." (Document No. 35) was filed on July 6, 2012, and an "Amendment Brief..." (Document No. 36) to her response was filed on July 9, 2012. Defendant has failed to file a reply brief, or notice of intent not to reply, and the time to do so has lapsed. See Local Rule 7.1 (E).

Immediate review of the pending motion and a recommendation for disposition to the presiding district judge is now appropriate.

## II. DISCUSSION

Defendant notes in its motion, as the Court did in its "Order" (Document No. 27), that a party

who fails to appear at its deposition, after proper notice, may be subject to sanctions including dismissal of the lawsuit. See Fed.R.Civ.P. 37 (d). Defendant contends that Plaintiff's failure to appear at her deposition on June 25, 2012, and her ongoing refusal to participate in discovery constitutes bad faith. (Document No. 31). Defendant further suggests that sanctions less drastic than dismissal are unlikely to be effective.

Although Plaintiff clearly opposes the pending motion, her rationale for failing to attend her deposition scheduled for June 25, 2012, is difficult to discern from her filings. It appears that her reasoning as to discovery participation is, at best, misguided. Even though Plaintiff is appearing *pro se*, she must abide by the Federal Rules of Civil Procedure, the Local Rules of the Western District of North Carolina, and the orders of this Court.

Based on all of the circumstances of this case, the undersigned finds that Defendant's requested relief of dismissal is too harsh at this time. However, Plaintiff is respectfully instructed that her continuing failure to participate in discovery, including her own deposition, will likely lead to sanctions, including Defendant's reasonable expenses and attorney's fees, and/or dismissal of this lawsuit.

### III.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, it is respectfully recommended that Defendant's "Motion To Dismiss As Sanction For Failure To Appear For Deposition" (Document No. 31) be **DENIED WITHOUT PREJUDICE**.

### IV.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of

same.  Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);   Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendant and the Honorable Max O. Cogburn, Jr.

**IT IS SO RECOMMENDED**.

Signed: October 4, 2012

David C. Keesler
United States Magistrate Judge