# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv511

| | |
|---|---|
| RHAE JOHNSON, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| THE SUNSHINE HOUSE, INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation (M&R), the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Despite the M&R being <u>favorable</u> to plaintiff, she has filed objections and accuses the magistrate judge of bias.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." <u>Id.</u> Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Camby v. Davis</u>, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final

determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After entry of the Memorandum and Recommendation, plaintiff filed two pleadings captioned "Motion to Object" (see docket entries #41 & #45). Reading such pleadings in a light most favorable to plaintiff, the court deems these to be properly and timely filed objections to the M&R and an Order (#40) entered the same day requiring parties to submit proposed revisions to the Pretrial Order. In the first objection, plaintiff: (1) makes reference to an interlocutory appeal (uncertified) which she filed with the Court of Appeals for the Fourth Circuit before entry of the M&R; (2) objects to the M&R in its entirety; and (3) demands that the deadlines in the original Pretrial Order be followed. In the second objection, plaintiff appears to ask for a stay of the M&R pending disposition of her appeal to the Fourth Circuit and reiterates her contention that the deadlines should be enforced and/or followed.

Plaintiff is under a number of misconceptions, which the court will attempt to explain so that plaintiff can understand the procedural stance of this case. First, the magistrate judge's M&R is <u>favorable</u> to her, requiring no objections. Indeed, the magistrtae judge recommended denial of defendant's Motion to Dismiss as too severe a sanction for her failure to attend her deposition  Second, the deadlines that are included in every Pretrial Order may be amended at any time in the sound determination of the magistrate judge. The Order objected to merely asks for plaintiff and defendant to confer and suggest new deadlines to accommodate the taking of plaintiff's deposition.

Finally, the court has considered plaintiff's general objection to the Memorandum and Recommendation. In a conclusory fashion, plaintiff contends that the Memorandum and Recommendation should be reversed due to judicial bias. Such allegation of bias appears to

be based on the above discussed misconceptions. As such allegation of bias is baseless, it will be stricken and plaintiff is cautioned to be careful in making such baseless allegations, which could also lead to sanctions. In any event, none of plaintiff's objections point to any error of law or erroneous conclusion as to any fact in the Memorandum and Recommendation.

The court has conducted a careful review of the recommendation in its entirety and can find no conclusion of fact that is unsupported by the pleadings and no conclusion of law that is inconsistent with current law. In pertinent part, the magistrate judge concluded:

> Although Plaintiff clearly opposes the pending motion, her rationale for failing to attend her deposition scheduled for June 25, 2012, is difficult to discern from her filings. It appears that her reasoning as to discovery participation is, at best, misguided. Even though Plaintiff is appearing pro se, she must abide by the Federal Rules of Civil Procedure, the Local Rules of the Western District of North Carolina, and the orders of this Court.
> Based on all of the circumstances of this case, the undersigned finds that Defendant's requested relief of dismissal is too harsh at this time. However, Plaintiff is respectfully instructed that her continuing failure to participate in discovery, including her own deposition, will likely lead to sanctions, including Defendant's reasonable expenses and attorney's fees, and/or dismissal of this lawsuit.

M&R (#39), at 3. Indeed, the magistrate judge did precisely what was required in determining that dismissal is a harsh sanction and one of last resort. The Court of Appeals for the Fourth Circuit has repeatedly noted that such involuntary dismissal with prejudice is a "harsh" result and must be employed with caution.

> We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction ... [that] it should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976) (quotation marks omitted). We thus require a district court to consider four factors when deciding whether to involuntarily dismiss an action for attorney misconduct. Id. First, the court must consider the "degree of personal responsibility on the part of the plaintiff." Id. Second, it must determine the "amount of prejudice to the defendant." Id. Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." Id. Finally, the court must consider whether "sanctions less drastic than dismissal" will be

effective. Id. Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. 2003).[1] Further, the appellate court has instructed that the "test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37," and that "before a dismissal a court must give a plaintiff a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders," and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. South Carolina Dept. of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997).

Plaintiff is now clearly and explicitly warned that the consequences of further failures to obey court orders, failure to attend her deposition, or failure to provide properly requested discovery, could result in the imposition of sanctions, including dismissal of her case with prejudice.

After such careful review, the court determines that the Memorandum and Recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#39) is **AFFIRMED,** plaintiff's "Motion[s] to Object" (#41 & #45) are **DEEMED** to be objections and are **OVERRULED,** plaintiff's contentions of judicial bias are **STRICKEN**

---

[1] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

as unsupported, and defendant's Motion to Dismiss as Sanction for Failure to Appear for Deposition (#31) is **DENIED**. Further, the court fully affirms the magistrate judge's non-dispositive Order (#40) as plaintiff has not shown that it is clearly erroneous or contrary to law.

Signed: October 30, 2012

Max O. Cogburn Jr.
United States District Judge