UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-00511-MOC-DCK

| | |
|---|---|
| **RHAE JOHNSON,** | ) |
| Plaintiff, | ) |
| Vs. | ) **ORDER** |
| **THE SUNSHINE HOUSE, INC.,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment. In considering such motion, the court has carefully reviewed plaintiff's response, defendant's reply, and conducted a hearing. While defendant argued at the hearing that plaintiff did virtually no discovery and cannot make out a prima facie case of race-based discrimination, and could not rebut the legitimate business reason given for her termination, plaintiff has submitted some evidentiary materials (#64-1 through 7) that indicate that there are genuine issues of material fact that remain for trial on the Title VII claim. In particular, plaintiff has provided some evidence that the reason given for her termination was false and that another similarly situated employee not within the protected class was treated more favorably. As to the retaliation claim, plaintiff failed to respond to the Motion for Summary Judgment and that claim will be dismissed as there is no evidence that defendant retaliated against her for any "whistleblowing activity."

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Instead, that party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995). When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

Plaintiff alleges that defendant fired her because of her race in violation of Title VII of the Civil Rights Act of 1964, and, implicitly, 42 U.S.C. § 1981. The elements of proving racial discrimination are the same under Title VII and Section 1981. See Spriggs v. Diamond Auto Glass, 242 F.3d 179, 184 (4th Cir. 2001) (Title VII and section 1981 share common elements). Where, as here, Plaintiff lacks any direct evidence of racial discrimination, the court must

analyze her claim under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Bonds v. Leavitt, 629 F.3d 369, 386 (4th Cir. 2011). Read in a light most favorable to plaintiff, this is a disparate discipline case.

To establish a prima facie case of racial discrimination in the enforcement of employee disciplinary measures under Title VII, the plaintiff must show: (1) that she is a member of the class protected by Title VII, (2) that the prohibited conduct in which she engaged was comparable in seriousness to misconduct of employees outside the protected class, and (3) that the disciplinary measures enforced against her were more severe than those enforced against those other employees. Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993). Here, the allegedly disparate discipline was plaintiff's firing.[1]

In its reply, defendant has, quite properly, pointed to a number of deficiencies in the evidence plaintiff has presented in her response, arguing in the main that plaintiff has not produced sufficient evidence that the comparator was similarly situated to her in the continuum of the defendant's disciplinary process. In determining whether a plaintiff's misconduct is comparable in seriousness to that of a comparator, the Court of Appeals for the Fourth Circuit has held that trial courts should consider "the gravity of the offenses on a relative scale," comparing "the harm caused or threatened to the victim or society, and the culpability of the offender." Moore v. City of Charlotte, 745 F.2d 1100, 1107 (4th Cir.1985) (quoting Solem v. Helm, 463 U.S. 277 (1983)). Precise similarity between the compared offenses is not required.

---

[1] The Fourth Circuit has held that the prima facie case in discriminatory termination suits requires the plaintiff to show: (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. Miles v. Dell, Inc., 429 F.3d 480, 485 (4th Cir. 2005); see also Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007).

Cook, 988 F.2d at 511 (holding that "the comparison will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances."). In every case, however, "[t]he similarity between comparators and the seriousness of their respective offenses, must be clearly established in order to be meaningful." Lightner v. City of Wilmington, 545 F.3d 260, 265 (4th Cir.2008). In this case, plaintiff has presented some evidence that the comparator purportedly committed similarly serious offenses, to wit, failing to change diapers.

The court will deny the Motion for Summary Judgment as to the Title VII claim, but will reserve evidentiary issues concerning comparators until trial. Plaintiff is advised that her projected evidence, while sufficient to survive summary judgment, may not be sufficient to avoid a directed verdict.

**ORDER**

**IT IS, THEREFORE, ORDERED** defendant's Motion for Summary Judgment (#57) is **GRANTED** as to the Second Cause of action for retaliation, and **DENIED** as to plaintiff's First Cause of Action under Title VII and Section 1981.

Signed: May 28, 2013

Max O. Cogburn Jr.
United States District Judge